# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| ABRAHAM EMBAYE, | Case No. 19-CV-2794 (ECT/ECW) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| ELIZABETH SCOGGIN, | |
| Defendant. | |

Plaintiff Abraham Embaye did not pay the filing fee for this matter, instead applying for *in forma pauperis* ("IFP") status.  (*See* Dkt. 2.)  That IFP application is now before the Court and must be considered before any other action may be taken in this matter.

After review, this Court concludes that Embaye qualifies financially for IFP status. That said, an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 F. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service.").  In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's

favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008).  Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570.  In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations.  *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced.  *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

This Court previously informed Embaye that his pleading was deficient.  (Dkt. 4.) By all indications, Embaye was attempting to raise claims under 42 U.S.C. § 1983 related to what he regards as the unlawful seizure of money taken from him in furtherance of state-court forfeiture proceedings.  (*See* Dkt. 1.)  Embaye, however, had not named a "person" as a defendant to his original complaint, and only persons are proper defendants to a claim brought under § 1983.  (*See* Dkt. 4 at 2-3.)  Accordingly, Embaye was invited to submit an amended complaint curing this deficiency and setting out a viable claim for relief.  (*See* Dkt. 4.)

Embaye has since submitted his amended complaint.  (Dkt. 5.)  That amended complaint, however, is no more viable than the original complaint.  Although Embaye has corrected the deficiency of his original pleading by naming Elizabeth Scoggin (i.e., a "person") as a defendant to this action, he has not alleged any facts demonstrating Scoggin's involvement in the incident.  (*See generally id.*)  "[T]o succeed on a personal-

2

capacity claim under § 1983, a litigant must prove that the specific defendant being sued acted unlawfully himself or herself." *See Washington v. Craane*, No. 18-CV-1464 (DWF/TNL), 2019 WL 2147062, at \*2 (D. Minn. Apr. 18, 2019) (citing *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.")). Without allegations that, if proved true, would demonstrate Scoggin's responsibility for the alleged constitutional violations, this matter cannot proceed.[1]

Although not the basis for this Court's recommendation of dismissal, one further point merits mentioning. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court directed "federal courts to abstain from accepting jurisdiction in cases where equitable relief is requested and where granting such relief would interfere with pending state proceedings in such a way as to offend principles of comity and federalism."[2] *Night Clubs, Inc. v. City of Fort Smith*, 163 F.3d 475, 477 n.1 (8th Cir. 1998); *accord Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013) ("When there is a parallel, pending

---

[1]     Although not pleaded expressly in the amended complaint, it appears that Scoggin may have a prosecutorial role in the events at issue; the address provided for Scoggin in the amended complaint is the same as that provided for the Hennepin County Attorney's Office in the original complaint. If so, it is likely that Scoggin is invested with immunity from suit for her conduct in litigating the forfeiture matter. *See Goodson v. Griffith*, No. C98-2088, 1999 WL 33655738, at \*3 (N.D. Iowa June 10, 1999) (collecting cases).

[2]     Embaye seeks monetary recovery, but the relief he seeks is nevertheless equitable in nature, as the monetary relief is both restitutionary (as Embaye merely seeks return of the seized money) and intertwined with an implicit demand for injunctive relief (as this Court must necessary interfere with the state-court proceedings in order to effect recovery). *See Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 570-71 (1990).

3

state criminal proceeding, federal courts must refrain from enjoining the state prosecution.").  It is not clear from the amended complaint whether the forfeiture proceedings initiated against Embaye are criminal or civil in nature — indeed, much about the state-court proceedings remains unclear.  But if those proceedings afford Embaye sufficient opportunity to raise his constitutional claims, *Younger* would preclude federal review of Embaye's claims at this time, regardless of whether the proceedings are criminal or civil.  *See Postscript Enters., Inc. v. Peach*, 878 F.2d 1114, 1116 (8th Cir. 1989).

In any event, it suffices to say here that Embaye has not pleaded a viable claim for relief against Scoggin.  Accordingly, it is recommended that this matter be dismissed without prejudice.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1.    This matter be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2.    The application to proceed *in forma pauperis* of plaintiff Abraham Embaye (Dkt. 2) be **DENIED**.

Dated: January 30, 2020                    *s/Elizabeth Cowan Wright*
                                            ELIZABETH COWAN WRIGHT
                                            United States Magistrate Judge

4

## <u>NOTICE</u>

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).